

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
11/16/2011

| | |
|---|---|
| IN RE | ) |
| | ) |
| ROY A. NGUYEN, | ) CASE NO. 07-35484-H3-13 |
| | ) |
| Debtor, | ) |
| | ) |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion of Harris County et Al to Dismiss Chapter 13 Bankruptcy Case" (Docket No. 54). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the instant motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Roy A. Nguyen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 8, 2007. Debtor's Chapter 13 plan (Docket No. 32) was confirmed by order entered on November 8, 2007 (Docket No. 39).

In the instant motion, "Harris County et al"[1] seeks dismissal of the instant case, on grounds "[t]he failure to the Debtor to pay post-petition taxes when due constitutes a material default under the terms of the Debtor's Chapter 13 Plan." (Docket No. 54).

Neither Debtor's confirmed Chapter 13 plan nor the order confirming the plan addresses the payment of post-petition ad valorem property taxes.

At the hearing on the instant motion, Harris County presented no evidence. Debtor's counsel stated that he had seen a document from Harris County indicating that Debtor was delinquent in payment of post-petition taxes. He stated that he had mailed to Debtor (who apparently has no telephone) information regarding a proposal for Debtor to cure the postpetition payment arrears.[2] As of the date of the hearing, counsel for Debtor had received no response.

## Conclusions of Law

Section 1307(c) provides that the court may convert or dismiss a Chapter 13 case for cause, including, <u>inter alia</u>,

---

[1] Harris County has apparently adopted this nomenclature for itself and taxing authorities whose taxes are collected by the Harris County Tax Assessor/Collector. The entities whose taxes Harris County collects in the instant case are not set forth in the instant motion. The court will identify the movant as "Harris County" in the remainder of the instant Memorandum Opinion.

[2] Debtor's counsel acknowledged that, as of the date of the hearing, Debtor appeared to be delinquent in payment.

"material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(6).

In the instant case, Harris County has asserted that Debtor has materially defaulted with respect to the confirmed Chapter 13 plan. However, no provision of the plan or the confirmation order addresses the payment of postpetition taxes.[3] The court concludes that the instant motion should be denied without prejudice.

Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Motion of Harris County et Al to Dismiss Chapter 13 Bankruptcy Case" (Docket No. 54).

Signed at Houston, Texas on this _____ day of _____**NOV 1 6 2011**_____, 2011.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court notes that Harris County advanced only the "material default" theory in the instant motion. At the hearing on the instant motion, Harris County articulated a different theory for dismissal of the case. The court does not reach the question of whether dismissal would be proper under the theory articulated at the hearing on the instant motion, because there is no pleading to support that theory.